**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JENNIE WILLIAMS                                                                    PLAINTIFF

V.                                       2:13CV00143-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                     DEFENDANT

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff, Jennie Williams, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On January 21, 2011, Ms. Williams protectively filed for DBI benefits due to problems with right wrist, arthritis, shoulders, high blood pressure, hands, thyroid, and allergies. (Tr. 147) Her claims were denied initially and upon reconsideration. At Ms. Williams's request, an Administrative Law Judge ("ALJ") held a hearing on September 5, 2012, where Ms. Williams appeared with her lawyer. (Tr. 22) At the hearing, the ALJ heard testimony from Ms. Williams, her husband, and a vocational expert ("VE"). (Tr. 23-41)

The ALJ issued a decision on September 14, 2012, finding that Ms. Williams was not disabled under the Act. (Tr. 11-17) The Appeals Council denied Ms. Williams's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Ms. Williams, who was fifty-one years old at the time of the hearing, has a high school education. (Tr. 143, 147) She has past relevant work as a short order cook. (Tr. 29)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Williams had not engaged in substantial gainful activity since July 16, 2009, and she had the following severe impairments: advanced osteoarthritis of both shoulders (left worse than right) and remote right wrist fracture.  (Tr. 13)  However, the ALJ found that Ms. Williams did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14)

According to the ALJ, Ms. Williams has the residual functional capacity ("RFC") to perform light work, except only occasional overhead reaching with the left upper extremity.  (Tr. 14)  The VE testified that the jobs available with these limitations were furniture clerk and cashier II.  (Tr. 17, 39)

After considering the VE's testimony, the ALJ determined that Ms. Williams could perform a significant number of jobs existing in the national economy, and found that Ms. Williams was not disabled.

## III.    ANALYSIS

### A.    Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.  *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance,

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

but sufficient for reasonable minds to find it adequate to support the decision." *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion." *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

**B.      Ms. Williams's Arguments for Reversal**

Ms. Williams asserts that the Commissioner's decision should be reversed because it is not support by substantial evidence. Specifically, Ms. Williams contends that the ALJ (1) made an RFC finding not supported by the record; (2) erred in the credibility assessment; and (3) relied on faulty VE testimony. (Doc. No. 12)

1.      RFC Finding

Ms. Williams contends that the RFC was in error because it did not consider her right shoulder or wrist impairments. First, the ALJ's hypothetical included all limitations he found credible. An ALJ need not include limitations for impairments that the he did not find credible.[3] It was reasonable for the ALJ to not include the wrist impairment, because after surgery, "for the most part it [was] doing much better. (Tr. 244) As for the right shoulder, she had an injection in May 2011, and was advised to return to the clinic in three months; but there are no records from Advanced Orthopedics after that date. (Tr. 288) Presumably, the treatment worked. Even if the ALJ did include limitations with the right shoulder as well, it doesn't appear that this limitation would rule out the furniture clerk job.

---

[3]*Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007) (holding that a hypothetical "need only include impairments that are supported by the record and that the ALJ accepts as valid").

2.      Credibility Assessment

Ms. Williams argues the ALJ erred in his credibility assessment.  However, there are several factors that support the ALJ's finding that Ms. Williams's impairments are not as severe as alleged. A few examples follow.  First, Ms. Williams's forms indicated that she could not lift more than a few pounds, but she testified that she could pour milk from a gallon jug and pick up her rat terrier. (Tr. 29, 37, 177)  Second, she testified that she would not be able to sit at a desk and sort papers with her hands for longer than fifteen minutes, yet she likes to do crochet, needlepoint, and latch hooking. (Tr. 39, 182)  Third, Ms. Williams testified that she would not be able to stand and walk five or six hours over the course of an eight hour work day, because her "knee was starting to bother [her] now." (Tr. 37)  But there are no medical records to support her alleged knee problems.  She testified that she had not yet seen the doctor for this issue because she could not afford to.  (Tr. 37)  Fourth, Ms. Williams alleged disabling shoulder pain but she testified that she uses over-the-counter medication, not prescriptions, to relieve her pain.  (Tr. 39)  According to pharmacy records, the last hydrocodone prescription was filled in March 2011.   (Tr. 212)  Fifth, Ms. Williams had three injections on her shoulders, which helped relieve her pain.[4]  (Tr. 38)  In December 2010, left shoulder pain was worse than the right, but the injection from six months earlier "gave her excellent relief."  Her symptoms had returned, but "not as bad as before."  Ms. Williams declined an additional steroid shot at the time.  (Tr. 242)  In May 19, 2011, three months after a second injection, her left shoulder pain was "much better."  (Tr. 288)  Sixth, there are considerable lapses of time between Ms. Williams's treatment for her shoulder conditions.[5]   In fact, she testified that she can go months

---

[4]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[5]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir.2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or

without having "a bad day." (Tr. 34)   Seventh, the ALJ properly noted that treatment for Ms. Williams's impairments was "no more than routine and conservative in nature."[6] (Tr. 16)

Although Ms. Williams's clearly suffers from some limitation, there was substantial medical evidence to support the ALJ's findings.   Again, the issue is not whether there was evidence to support Mr. Williams's claim of disability, but whether there was substantial evidence to support the ALJ's decision.[7]

### 3.      VE Testimony

The ALJ proposed a hypothetical question considering light work with only occasional overhead reaching with the left arm.   The VE testified that cashier II was an available job that such an individual could perform despite the proposed limitations.   Ms. Williams argues that the ALJ erred in relying on the VE's testimony because cashier II requires reaching, presumably in any direction.   Even assuming that Ms. Williams's argument has merit, any error is harmless, since the ALJ also found that Ms. Williams was capable of work as a furniture clerk.

## IV.    CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Ms. Williams's Complaint is

---

not the claimant seeks regular medical treatment.).

[6] *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

[7] *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

dismissed with prejudice.

IT IS SO ORDERED this 27th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE